HENNEKE, Appellee,

v.

YOUNG, Appellant.

[Cite as *Henneke v. Young* (2001), 145 Ohio App.3d 111.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2001–CA–4.

Decided Aug. 10, 2001.

Richard T. Brown, for appellee.

Mary Ann Thinnes, for appellant.

---

FAIN, Judge.

Defendant-appellant Stephanie Ann Young (n.k.a. Thomas) appeals from a decision sustaining plaintiff-appellee Markus J. Henneke's motion to suspend proceedings in a visitation dispute involving the parties' children, pursuant to the Soldiers' and Sailors' Civil Relief Act, Section 521, Title 50, U.S. Code App. Young argues that the trial court abused its discretion in allowing Henneke to avail himself of the Act's protections because Henneke failed to show that his ability to defend himself in the contempt proceedings instigated by her would be "materially affected" by his military service. We agree. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

Henneke is a major in the United States Air Force. He and Young were married in 1988. Three children were born to them: Kyle, in 1991; Kymbrynn, in 1993; and Kristina, in 1994. The parties were divorced in 1998, with Henneke being named residential parent of the parties' children. The divorce decree further ordered that "[v]isitation shall be as agreed upon between the parties."

In April 2000, Young moved for an order setting a specific visitation schedule with respect to the parties' children. On June 1, 2000, the trial court issued a visitation schedule, which, among other things, awarded Young one week of visitation in August 2000, and ordered that telephone contact between Young and the children take place on Wednesday evenings at 6:30 p.m., Korean time.

In August 2000, Henneke moved to "reset" Young's scheduled August 2000 visitation with the children to summer 2001, arguing that his military service and the costs of transporting the children from Korea, where he was based, to the United States made it "impossible" for him to comply with the trial court's June 1 order. A hearing was scheduled on Henneke's motion for October 24, 2000.

On October 20, 2000, Young requested that the trial court order Henneke to show cause why he should not be held in contempt for failing to comply with the trial court's prior orders regarding visitation and communication between her and the parties' children. The trial court granted Young's motion, ordering Henneke to show cause why he should not be held in contempt. The trial court also consolidated Young's and Henneke's motions and continued the hearing on the matter to January 2001.

In November 2000, Henneke moved to have the proceedings suspended pursuant to the Soldiers' and Sailors' Civil Relief Act. The trial court sustained Henneke's motion, suspending all proceedings in the matter until Henneke "is relieved from his current assignment in Korea."

Young appeals from the trial court's order suspending proceedings in this matter.

## II

Young has omitted from her appellate brief a statement of the assignment(s) of error required by App.R. 16(A)(3). She has, however, included a statement of the issues presented for review, the gist of which is that the trial court abused its discretion by suspending proceedings in this matter pursuant to the Soldiers' and Sailors' Civil Relief Act. We shall treat that as Young's assignment of error and sustain it for the reasons that follow.

The Soldiers' and Sailors' Civil Relief Act, Section 521, Title 50, U.S.Code App., provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act * * *, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

A defendant is not entitled to a continuance by a mere showing that he is in the military; instead, the serviceman must show that he is unavailable for trial and that his rights would be materially affected by not staying the proceedings.[1] While the decision whether to grant relief under the Act is

---

1. *Phelps v. Fowler* (1995), 107 Ohio App.3d 263, 270, 668 N.E.2d 558, 562–563, citing *Boone v. Lightner* (1943), 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587.

committed to the trial court's discretion,[2] that discretion is not unlimited. A trial court abuses its discretion when its actions are unreasonable, arbitrary, or unconscionable.[3]

Henneke asserts that his "military duty significantly interferes with his ability to defend the visitation contempt motion" filed by Young. To support that assertion he points to two letters he filed with the trial court. The first is a memorandum addressed to the trial court, from Lt. Col. Greg D. Mobley, USAF, stating, "Due to current military obligations and requirements, Major Markus John Henneke, will not be granted extended leave during the months of July and August." The second is a letter from Col. David A. Kingston, USA, which states:

"To Whom It May Concern:

"I am an officer in the United States Army writing on behalf of Major Markus J. Henneke, the plaintiff in the action before your court, Case Number 1998 DR 0441. Major Henneke is currently serving in the active military service of our nation at Yongsan Garrison, Seoul, Korea. He is assigned to my command, Assistant Chief of Staff, Engineer, USFK.

"Due to Major Henneke's duties as the Plans and Exercises Officer, it is not possible for him to return to the United States during certain months of the year, specifically July and August, due to training exercises critical to our mission here in Korea. This was certainly true during this past summer and will be true for the summer of 2001. In addition, he is the sole Plans and Exercises Officer on my staff and I do not have anyone to replace him. His primary responsibilities involve extensive planning and training of the USFK engineer staff in preparation for three major theater-wide exercises throughout the year. This planning and preparation is crucial to the effective training of USFK engineer personnel. Recent changes in North Korea–South Korea relations have brought about new dialog between these countries, but this has not changed our requirement to remain fully combat ready.

"In conclusion, Major Henneke is an indispensable member of my staff, and this is particularly so during the months of July and August."

These letters were insufficient to establish that Henneke's ability to defend against Young's contempt action would be materially affected by reason of his military service. While Col. Kingston described Henneke as an "indispensable" member of his staff, and stated that he "do[es] not have anyone to replace him [,]" Kingston's letter states that it is "not possible" for Henneke to return to the

---

**2.** *Phelps, supra,* at 268, 668 N.E.2d at 561.

**3.** *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

United States only "during certain months of the year, specifically July and August." Lt. Col. Mobley's letter likewise states that Henneke will not be granted extended leave only for July and August 2000. This leaves ten other months when, presumably, it *will* be possible for Henneke to return to this country to defend against Young's contempt action. In fact, Henneke has been represented by counsel throughout these proceedings. Even though he is stationed in Korea, he can communicate with his attorney by phone, regular mail, or e-mail, regarding any matters relating to his defense of the contempt action. Indeed, it was Henneke himself who instigated the current proceedings *after* he had relocated to Korea, by requesting the trial court to "reset" Young's August 2000 visitation with the children. Furthermore, the trial court can reasonably accommodate Henneke by scheduling a hearing on the matter at a time that would not conflict with Henneke's military duties. While Henneke would be required to arrange a few days leave from his military duties to attend any hearing on the matter, that inconvenience does not "materially affect" his ability to defend against the contempt charge.

Additionally, when exercising its discretion in this matter, the trial court should have considered the nature of the civil action at issue here. The dispute between the parties involves their children—the oldest of whom was nine years old at the time the proceedings were stayed—and the right of their natural mother to visit and communicate with them. Under the trial court's ruling, Henneke could prevent Young from seeing her children for a substantial period of time while he is serving in Korea, without Young being able to do anything to vindicate her right, pursuant to the orders of the trial court, to visit and to communicate with her children. Under these circumstances, we conclude that the trial court acted unreasonably by suspending the proceedings in this matter, during the entire time that Henneke will serve in Korea, pursuant to the Soldiers' and Sailors' Civil Relief Act.

Young's inferred assignment of error is sustained.

### III

Young's assignment of error having been sustained, we reverse the judgment of the trial court, and this cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.