[Cite as *RotoSolutions, Inc. v. Crane Plastics Siding, L.L.C.*, 2013-Ohio-4343.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

RotoSolutions, Inc., :

     Plaintiff-Appellant, :

v. :      Nos. 13AP-1
        and 13AP-52

Crane Plastics Siding, LLC., : (C.P.C. No. 12CV-04- 5503)

     Defendant-Appellee. :      (REGULAR CALENDAR)

D E C I S I O N

Rendered on September 30, 2013

*Stark & Knoll*, and *David P. Bertsch*, for appellant.

*Porter Wright Morris & Arthur, LLP, James D. Curphey* and
*Anthony R. McClure*, for appellee.

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, RotoSolutions, Inc. ("RotoSolutions"), brought an action for breach of contract against defendant-appellee, Crane Plastics Siding, LLC ("Crane"), in the Franklin County Court of Common Pleas. RotoSolutions appeals from a decision and judgment entry of the court denying RotoSolutions' Civ.R. 15(A) motion for leave to file an amended complaint, and a decision and judgment entry granting Crane's motion for judgment on the pleadings. For the reasons that follow, we reverse.

### *Alleged Facts and Procedural Posture*

{¶ 2} The following facts and allegations are from the complaint and proposed amended complaint.

{¶ 3} RotoSolutions and Crane entered into an agreement in 2006 for RotoSolutions to manufacture and package Crane's patented faux-stone siding products

for sale to Crane. The "Polymer Stone Toll Processing Agreement" provided that Crane would provide estimates at RotoSolutions' request, but that Crane was under no obligation to purchase product from RotoSolutions. The agreement contained a provision stating:

> This Agreement may not be amended, modified, supplemented or superseded orally or by any credit application, purchase order, sales invoice, order acknowledgment or other document, except by an instrument in writing duly signed by both parties.

Agreement, at 14.

{¶ 4} In March 2007, Crane sent RotoSolutions a letter via email that provided as follows:

> Re: Annual Commitment for Ovens 2 & 3
>
> * * *
>
> Per our conversation, Crane will buy 1,500,000 square feet of product per year for next three years from each of the two ovens you have purchased.
>
> Yours truly,
>
> /s/ *James E. Hosley*
> James E. Hosley
> Director, Supply Chain

{¶ 5} RotoSolutions, relying upon Crane's commitment letter, purchased and installed the ovens in its facility with the full knowledge, understanding and approval of Crane. After RotoSolutions acquired and installed the two ovens, Crane continued to acknowledge its commitment to purchase the 9,000,000 square feet of product in email exchanges and other communication between the parties.

{¶ 6} RotoSolutions further alleged that Crane waived any provision in the original agreement that required that a modification of terms had to be set forth in writing signed by both parties.

{¶ 7}   Crane terminated the original agreement and the alleged supplemental contract in November 2011, without purchasing the additional square feet of product as set forth in the "annual commitment" email.

{¶ 8}   RotoSolutions filed a complaint for breach of contract on April 30, 2012. Crane filed an answer and an amended answer and, on August 10, 2012, filed a motion for judgment on the pleadings.  On October 8, 2012, before the court ruled on the motion for judgment on the pleadings, RotoSolutions filed a motion for leave to file an amended complaint.  In addition to the original contract, and the "annual commitment" email, RotoSolutions attached an email chain from August and September 2008 discussing the "annual commitment" letter to the proposed amended complaint.  RotoSolutions also alleged reliance on the letter and that Crane had waived any provision in the original agreement that a modification of its terms had to be in writing signed by both parties.

{¶ 9}   On October 9, 2012, the court granted Crane's motion for judgment on the pleadings.  The court reasoned that the annual commitment letter could not be a contract modification because of the provision in the original agreement that required a writing signed by both parties.  Moreover, the court found that the letter did not state an intent to be a modification to the original agreement.  In addition, the original agreement stated that Crane was not obligated to purchase any product from RotoSolutions.  The court agreed with Crane that the letter was merely an estimate because the court could not believe that after entering into the agreement with a provision providing that Crane was under no obligation to purchase product from RotoSolutions, that Crane would unilaterally modify the agreement to require itself to purchase millions of square feet of product per year.

{¶ 10} On December 4, 2012, the court denied RotoSolutions' motion for leave to file an amended complaint.  The court reviewed the proposed amended complaint and determined that the new allegations did nothing to change the court's October 9, 2012 decision granting judgment on the pleadings in Crane's favor.

{¶ 11}  This appeal followed.

### Assignments of Error

{¶ 12}  On appeal, RotoSolutions assigns the following errors:

I.  The trial court committed prejudicial error in dismissing this action on the pleadings under Civ.R. 12(C).

II.  The trial court committed prejudicial error in denying Plaintiff's Civ.R. 15(A) motion for leave to file an amended complaint.

### Standard of Review

{¶ 13} A judgment on the pleadings dismissing an action is subject to a de novo standard of review. *Franks v. Ohio Dept. of Rehab. & Corr.*, 145 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.).

{¶ 14} We review a Civ.R. 15(A) motion to amend under an abuse of discretion standard.  Pursuant to Civ.R. 15(A), "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *.  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party." Because the decision of whether to grant or deny a motion to amend is within the trial court's discretion, an appellate court reviews such a ruling under an abuse-of-discretion standard. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99 (1999).  While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party.  *Id.*

### Discussion

{¶ 15} Civ.R. 10(D)(1) provides that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Here, RotoSolutions attached a copy of the written contract and the annual  commitment letter to the original complaint.  When a claim is founded upon some written instrument and a copy thereof is attached to the complaint in accordance with Civ.R. 10(D), the complaint should not be dismissed unless the complaint and the written instrument show to a certainty some insuperable bar to relief as a matter of law.  Where, as here, a contract and a letter are attached to a complaint, Civ.R. 10(C) applies. Civ.R. 10(C) reads in part: "A copy of any written instrument attached to a pleading is a part of the pleading for all purposes." "Material

incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997). A motion for judgment on the pleadings is essentially a motion to dismiss for failure to state a claim after an answer has been filed. *Gawloski v. Miller Brewing Co.,* 96 Ohio App.3d 160, 163 (9th Dist.1994).

### The Original Complaint

{¶ 16} RotoSolutions was not required to prove the elements of breach of contract at the pleading stage to support its claim. Civ.R. 10(D)(1), 12(B)(6). Rather, RotoSolutions merely had to plead the elements of a breach of contract claim, to wit, the existence of a contract, performance by the plaintiff, a breach by the defendant, and damage or loss to the plaintiff. See *McCamon-Hunt Ins. Agency, Inc., v. Med. Mut. of Ohio,* 7th Dist. No. 02 CA 23, 2003-Ohio-1221, ¶ 10 (elements of proof). A modification of a contract requires the same elements of mutual assent and consideration that are necessary for the formation of contracts. *Porginski v. New Boston Development Co.,* 4th Dist. No. 92 CA 2036 (Dec. 22, 1992), citing 15 *Williston on Contracts* at 482, Section 1826.2 (3 Ed.1972).

{¶ 17} As we read the original complaint, it appears that RotoSolutions cannot overcome Crane's motion for judgment on the pleadings. We agree with the trial court that on the face of the pleadings, RotoSolutions' claim of contract modification must fail as a matter of law. The clause in the original contract disallowed modifications not signed by both parties. Here, only one party signed the annual commitment letter. Thus, on the face of the pleadings, including the attachments, RotoSolutions cannot show any set of facts that could support its claim for breach of contract.

### The Proposed Amended Complaint

{¶ 18} The trial court denied the motion for leave to file an amended complaint on the basis that the amended complaint did nothing to alter the court's original analysis. We disagree.

{¶ 19} The issue presented here is whether RotoSolutions adequately pled that there was a subsequent modification of the earlier written contract. "[A]n oral modification of a written contract can be enforceable notwithstanding a provision in the contract requiring modifications to be in writing where, as alleged here, the parties have

engaged in a course of conduct in conformance with the oral modification and where the party seeking to enforce the oral modification would suffer injury if the modification were deemed invalid." *Exact Software North America, Inc. v. Infocon Sys., Inc.*, N.D.Ohio No. 3:03CV7183, 2004 WL 952876 at *5 (Apr. 16, 2004),.

{¶ 20} "[C]ourse of conduct can be considered in certain respects notwithstanding a 'written changes only' contractual provision, because the series of acts in question are evaluated only as evidence regarding a continuity of the purpose captured by the original contractual terms at the time of formation." *Lincoln Elec. Co. v. St. Paul Fire and Marine Ins. Co.*, 210 F.3d 672, 687 (6th Cir.2000); *Smaldino v. Larsick*, 90 Ohio App.3d 691, 698 (11th Dist.1993) ("A gratuitous oral agreement to modify a prior contract is binding if it is acted upon by the parties and if a refusal to enforce the modification would result in a fraud or injury to the promisee.") (citing Restatement of Law 2d, Contracts, Section 241 (1981)); *200 West Apartments v. Foreman,* 8th Dist. No. 66107 (Sept. 15, 1994) (noting that even contracts that are required by the statute of frauds to be in writing can be modified orally when "the parties to the written agreement act upon the terms of the oral agreement") (citing *Nonamaker v. Amos*, 73 Ohio St. 163 (1905); 51 Ohio Jurisprudence 3d, Statute of Frauds, Section 108. *See also, Wells Fargo Bank, NA v. Smith*, 11th Dist. No. 2010-T-0051, 2012-Ohio-1672 (waiver of no-oral modification clause where opposing party's subsequent admission or conduct evidenced its treatment of modification as operative).

{¶ 21} Here, it is evident from the proposed amended complaint and the new attachment that RotoSolutions pled a valid modification. RotoSolutions alleged Crane had waived the no written modification provision unless signed by both parties by means of the letter and the parties' subsequent course of dealing. There appears to be consideration since RotoSolutions alleges that it relied upon Crane's modification in purchasing two new ovens to manufacture the promised increase in the volume of product. Under this set of facts, RotoSolutions' proposed amended complaint sets forth a valid claim for breach of contract.

{¶ 22} The parties strenuously disagree over how to characterize the annual commitment letter. However, the legal effect of the letter cannot be determined at the pleading stage and must await further factual development of the record.

### Motion for Leave to File an Amended Complaint

{¶ 23} "[A] pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove; such facts may not be available until after discovery." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549 (1992). If a motion for judgment on the pleadings is granted, "leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect." *See Id.* (referring to a Civ.R. 12(B)(6) motion).

{¶ 24} By means of its amended complaint, RotoSolutions has set forth a claim for breach of contract. We can discern no prejudice to Crane from such a motion made early in the case and in good faith. *See Elder v. Fischer*, 129 Ohio App.3d 209, 223 (1st Dist.1998) (Accordingly, we conclude that the trial court's decision to deny leave to file an amended complaint was an abuse of discretion).

{¶ 25} Based on the foregoing, we sustain RotoSolutions two assignments of error, reverse the judgment dismissing the complaint, and reverse the entry denying the motion for leave to file an amended complaint. The matter is remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with this decision.

*Judgment reversed and*
*remanded for further proceedings.*

CONNOR and DORRIAN, JJ., concur.