[Cite as *Third Fed. S. & L. Assn. of Cleveland v. Formanik*, 2014-Ohio-3234.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100562 and 100810**

# THIRD FEDERAL SAVINGS & LOAN ASSOCIATION OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# RONALD S. FORMANIK, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
VACATED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-738704

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEYS FOR APPELLANTS**

Kathleen Amerkhanian
Gino Pulito
Pulito & Associates
230 Third Street
Suite 200
Elyria, OH    44035


**ATTORNEY FOR APPELLEE**

Dean K. Hegyes
Jones & Hegyes Co., L.P.A.
38040 Euclid Avenue
Willoughby, OH    44094

SEAN C. GALLAGHER, P.J.:

{¶1} Defendants-appellants Ronald and Vicki Formanik appeal (1) the decision of the trial court that denied their Civ.R. 60(B) motion for relief from judgment, and (2) the trial court's order that adopted the magistrate's decision and entered judgment on appellants' counterclaims. For the reasons stated herein, we reverse the ruling on the Civ.R. 60(B) motion, vacate the judgment, and remand the matter for the trial court's consideration of the supplemental objections to the magistrate's decision.

{¶2} In 2007, appellants obtained a bridge loan from plaintiff-appellee Third Federal Savings & Loan Association of Cleveland ("Third Federal"). The bridge loan was secured by appellants' then Middleburg Heights residence. The purpose of the bridge loan was to provide funds for the down payment on a new home in North Royalton. The bridge loan promissory note was in the principal amount of $113,000 and had a maturity date of September 1, 2008. At the time of the maturity date, appellants had not sold their Middleburg Heights home, and there was a principal balance remaining of $65,000 on the bridge loan.

{¶3} After the maturity date passed, Third Federal continued to send monthly written statements to appellants that demanded interest-only payments on the note, but did not demand payment of the principal balance. Appellants tendered the interest-only payments without issue until February 2010, when Third Federal first rejected a payment on a statement it had sent. Over the next several months, Third Federal accepted some payments and rejected others. The bridge loan was reported as a delinquency on Mr.

Formanik's credit report, which inhibited the ability of appellants to obtain financing from other lenders to pay off the bridge loan.

**{¶4}** Mr. Formanik made an extension request to Third Federal that he was verbally informed was turned down. However, another employee told him that the extension request had not been denied and offered two options, either a conversion of the bridge loan into a home equity loan or a deed in lieu of foreclosure. After further discussions between the parties, Third Federal offered a 90-day extension of the bridge loan but did not agree to delete the negative credit report information.

**{¶5}** On October 8, 2010, plaintiff-appellee Third Federal filed a foreclosure action against appellants, alleging a default upon the promissory note that was secured by appellants' Middleburg Heights property. Appellants filed an answer and a counterclaim, alleging breach of implied contract, breach of covenant of good faith and fair dealing, violation of R.C. 1345.031(B)(12) ("mortgage flipping"), and wrongful foreclosure.

**{¶6}** After the foreclosure action was filed, appellants sold their Middleburg Heights property, which was originally listed for $300,000, for $160,000. Appellants claim the property was sold under distress from the foreclosure action for less than the assessed value for tax purposes and less than the fair market value. Appellants used the proceeds to pay off the bridge loan. Third Federal voluntarily dismissed its foreclosure complaint on January 26, 2011. Appellants' counterclaims remained pending.

{¶7} On April 27, 2012, Third Federal filed a motion to quash a subpoena that was filed by appellants on April 18, 2012. The trial court granted this motion. The subpoena sought to have Third Federal produce its "Collection Department Manual," relating to Third Federal's internal policies and procedures, for inspection and copying.

{¶8} On May 3, 2012, the case proceeded to trial before a court magistrate on appellants' counterclaims. The magistrate issued a decision on September 28, 2012, that ruled against appellants on their counterclaims. The magistrate found that the course of dealing between the parties did not create an implied contract, that the terms of the promissory note are controlling, and that appellants defaulted upon the promissory note by failing to pay the note when it matured. The magistrate further found that under the terms of the note, the appellants waived any requirement that Third Federal demand payment or declare a default or acceleration of the note. The magistrate also found that Third Federal's actions were not in bad faith and that it was entitled to enforce the loan documents as written. Additionally, the magistrate determined that R.C. 1345.031(B)(12), a section of the Ohio Consumer Sales Practices Act that prohibits "mortgage flipping," was not violated because an actual replacement loan was never made. Finally, the magistrate found no legal authority to support a claim for wrongful foreclosure in Ohio.

{¶9} On October 11, 2012, appellants filed an objection to the magistrate's decision, without specifying any objection, but including a motion for leave to file supplemental objections once the transcript of proceedings became available. A

transcript of the proceedings was filed on January 8, 2013.   On the same date, appellants' trial counsel filed a motion to withdraw as counsel.   On January 28, 2013, the trial court granted counsel's motion to withdraw and granted appellants additional time to file a supplemental objection by February 27, 2013.   On September 24, 2013, the trial court adopted the magistrate's decision and entered judgment in favor of Third Federal on the counterclaims.

{¶10} On October 24, 2013, appellants filed a Civ.R. 60(B) motion for relief from judgment, and also filed a notice of appeal from the final judgment.   This court issued a limited remand for the court to consider the Civ.R. 60(B) motion.

{¶11}   In the Civ.R. 60(B) motion, appellants indicated that after the trial court permitted their counsel to withdraw and granted appellants until February 27, 2013, to file supplemental objections, appellants, despite their substantiated efforts, were unable to secure new counsel in time to file their objections.   Mr. Formanik prepared supplemental objections that he sent on February 26, 2013, to the email addresses from which had received e-notices from the court, and that he sent via certified mail to "Anthony Giunta" at the Justice Center, but not to the clerk of courts.   He received a return receipt of the certified mailing with a signature.   Appellants further argued that they presented meritorious claims that proceeded to a trial on the merits, and that they had set forth meritorious objections to the magistrate's decision, which, without due consideration thereof, would limit appellate review in the matter.   Finally, appellants were unaware that the objections were not considered until consulting with appellate counsel after the

judgment was rendered. Appellants submitted Mr. Formanik's affidavit, as well as other documentation to support their motion.

{¶12} The trial court denied the Civ.R. 60(B) motion, stating only that a pro se litigant is held to the same standard as a represented party and that the defendants had not submitted any evidentiary materials setting forth operative facts that would require an evidentiary hearing. Appellants appealed this ruling, which was consolidated with the appeal from the final judgment.

{¶13} Appellants raise seven assignments of error for review. Initially, we note that Third Federal has not separately addressed the assignments of error in its brief. Rather, its response to the assignments of error is solely its contention that appellants' attempt to establish an implied contract modifying the terms of the note is barred by the statute of frauds. However, Third Federal waived the defense of the statute of frauds by failing to raise it at trial. Even if Third Federal had preserved the defense, the case upon which it relies, *Firstmerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, did not involve an alleged modification of a written agreement through the course of performance. A contract can be modified when there is clear and convincing evidence of the parties' mutual intent to modify the contract through their course of dealing. *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 2012-Ohio-1942, 971 N.E.2d 967, ¶ 24-25 (8th Dist.); *see also RotoSolutions, Inc. v. Crane Plastics Siding, LLC*, 10th Dist. Franklin Nos. 13AP-1 and 13AP-52, 2013-Ohio-4343, ¶ 19-20; *see also Kwikcolor Sand v. Fairmount Minerals, Ltd.*, 8th Dist. Cuyahoga No. 96717,

2011-Ohio-6646, ¶ 20-22. As this court has found, even contracts that are required by the statute of frauds to be in writing can be modified orally "when the parties to the written agreement act upon the terms of the oral agreement." *200 West Apts. v. Foreman*, 8th Dist. Cuyahoga No. 66107, 1994 Ohio App. LEXIS 4081 (Sept. 15, 1994); *see also Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 54. Thus, we reject Third Federal's argument that the *Inks* case is determinative of the assignments of error herein.

{¶14} We shall proceed to consider the first, second, and fifth assignments of error in this appeal. Appellants' first assignment of error claims that the trial court abused its discretion in denying the Civ.R. 60(B) motion for relief from judgment. We agree.

{¶15} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate the following: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} In this case, appellants' counterclaim proceeded to a trial on the merits. Appellants are seeking to have their supplemental objections to the magistrate's decision considered by the trial court. Although the trial court aptly stated the recognized principle that a pro se litigant is held to the same standard as a represented party, at the same time, a pro se litigant is not held to a higher standard for showing excusable neglect.

{¶17} This case is comparable to the circumstances in *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102, where excusable neglect was found where an attorney alleged that he had timely prepared an answer but that his secretary had inadvertently placed the pleadings back into the file drawer rather than mail them to the court for filing and to opposing counsel. The court recognized that it has defined the term "excusable neglect" in the negative, stating "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Id*. at 20, quoting *GTE Automatic Elec.* at 153. Because the appellant in *Kay* supported its motion with operative facts warranting relief and the grounds for relief from judgment appeared on the face of the record, the court found the trial court should have granted the Civ.R. 60(B) motion as a matter of law. *Id*. at 20-21.

{¶18} Like *Kay*, this is not a case of inaction that exhibits a complete disregard for the judicial system. Rather, appellants submitted an affidavit and other documents demonstrating their unsuccessful efforts to obtain new counsel within the 30 days granted by the trial court and their affirmative efforts to file their supplemental objections. Mr. Formanik prepared specific objections that he attempted to file with the court, and he

received a certified mail return showing delivery to the Justice Center. He also served the objections on opposing counsel.

{¶19} The record herein demonstrates that appellants' motion for relief from judgment, with its supporting affidavit and exhibits, contained operative facts demonstrating excusable neglect. We find the trial court abused its discretion in finding otherwise. Further, the motion was timely filed upon discovering the objections were not considered by the court, and only 30 days after the final judgment was rendered. Our review reflects that all of the requirements under Civ.R. 60(B) were met and that the trial court abused its discretion in denying appellants' motion.

{¶20} We also recognize that without allowing the objections to be considered by the trial court, our review would be limited. The failure to file objections to a magistrate's factual or legal conclusions results in a waiver of error on appeal, except for plain error. Civ.R. 53(D)(3)(b)(iv). We find it is in the interests of justice to vacate the judgment of the trial court and allow the objections to be fully considered by the trial court. Appellants' first assignment of error is sustained.

{¶21} Appellants' second assignment of error claims that the trial court erred by "allowing counsel for the Formaniks to withdraw before the filing of specific objections that would have preserved the Formaniks' rights to full appellate review." The decision whether to grant a motion to withdraw by counsel rests within the sound discretion of the trial court. *Bennett v. Bennett*, 86 Ohio App.3d 343, 346, 620 N.E.2d 1023 (8th Dist.1993). The record reflects that counsel's motion to withdraw was unopposed,

counsel stated in his motion that representation had become "impossible," and there is no indication that appellants' objected to their counsel's termination of representation. The trial court took steps to ensure that appellants would not be prejudiced by the withdrawal by providing them with 30 days to file their supplemental objections. Although appellants claim they were unable to retain new counsel in this time and that more time should have been provided, they never requested a continuance for additional time from the trial court. Because we are unable to find an abuse of discretion by the trial court, appellants' second assignment of error is overruled.

{¶22} Under its fifth assignment of error, appellants claim the trial court abused its discretion when it granted Third Federal's motion to quash a subpoena that demanded the production of Third Federal's "collection department manual." The subpoena at issue was filed two weeks before trial. Trial counsel for appellants argued at a pretrial that the information sought was to assist in determining whether Third Federal followed its own internal procedures in declining appellants' payments on the bridge loan. Third Federal argued in its motion that the subpoena was overly vague and claimed that appellants were engaging in a fishing expedition with regard to Third Federal's policies and procedures, which were proprietary and intended for internal use only. Appellants did not file an opposition to Third Federal's motion, but rather, relied upon the general assertions it raised at the pretrial.

{¶23} On appeal, appellants make the broad assertion that Third Federal's policies and procedures were relevant to their bad faith and wrongful foreclosure claims. Upon

the record in this matter, we cannot say the trial court abused its discretion in granting the motion to quash. Appellants' fifth assignment of error is overruled.

**{¶24}** Because the case is being remanded for consideration of the objections to the magistrate's decision, the remaining assignments of error are not subject to review since they pertain to the merits of appellants' counterclaims and the final judgment rendered by the trial court.

**{¶25}** Having sustained the first assignment of error, we reverse the ruling on the Civ.R. 60(B) motion, vacate the judgment, and remand the matter for the trial court's consideration of the supplemental objections to the magistrate's decision. Upon remand, appellants shall be limited to the objections they sought to introduce under their Civ.R. 60(B) motion. We note that a supporting transcript was filed in the trial court on January 8, 2013. Pursuant to Civ.R. 53(D)(4)(d), the trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Also, "[b]efore so ruling, the court may hear additional evidence * * *." Civ.R. 53(D)(4)(d).

**{¶26}** Judgment vacated, and case remanded for further proceedings consistent with this opinion.

It is ordered that appellants recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

                                                                                  \_\_

SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR