BUCKEYE TROPHY, INC., APPELLANT, *v.* SOUTHERN BOWLING & BILLIARD SUPPLY COMPANY, APPELLEE.

(No. 81AP-472—Decided May 25, 1982.)

*Messrs. Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin, Mr. David S. Bloomfield* and *Mr. Robert L. Bridges,* for appellant.

*Harris, Strip, Fargo, Schulman & Hoppers Co., L.P.A.,* and *Mr. A.C. Strip,* for appellee.

STRAUSBAUGH, J. This is an appeal by plaintiff-appellant from a judgment in favor of defendant-appellee in the Franklin County Municipal Court. The record indicates that Southern Bowling and Billiard Supply Company, the appellee, ordered specially drilled marble goods from Buckeye Trophy, Inc., the appellant. The order was placed on February 14, 1978 for the agreed price of $8,323.32. Partial payment was made on April 25, 1978. Additional, specially drilled marble goods were ordered on May 11, 1978 by appellee for the agreed price of $184.55.

On July 19, 1978, appellant demanded full payment on both orders. Appellee refused to make payment and a suit was filed for the unpaid balance of $4,185.51. Thereafter, appellee failed to timely file answers to appellant's request for admissions. The trial court denied appellee's re-

quest for leave to file late answers and granted summary judgment to appellant.

Appellee appealed to this court in *Buckeye Trophy; Inc.* v. *Southern Bowling & Billiard Supply Co.* (Sept. 25, 1980), No. 80AP-332, unreported. In that case, this court held that there was a material issue of fact as to whether appellee accepted or rejected the goods. The judgment was reversed and the cause was remanded for further proceedings.

On remand, the trial court ruled that the goods were non-conforming and that the goods had been properly rejected (or that acceptance had been revoked), with appellee suffering damages as a result of the non-conformity. From this judgment, a timely notice of appeal has been filed and the following assignments of error are raised:

"1. The trial court erred in failing to grant the appellant's requested motion to dismiss the appellee's counterclaim.

"2. The trial court erred in failing to find that the appellee was precluded from pursuing its counterclaim as a result of the appellee's failure to follow the merchant-buyer's duties as to rightfully rejected goods.

"3. The trial court erred in calculating its judgment in favor of the appellee in the amount of $500.00 damages."

In the first assignment of error, appellant claims that the original summary judgment granted by the trial court remained intact and precluded appellee from proceeding with its counterclaim. Although the first appeal was somewhat unclear, we cannot accept appellant's argument that the trial court was precluded from conducting a hearing on the unresolved issues which were remanded to it. The purpose of Civ. R. 36 is to facilitate the trial process. In *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261, 269 [73 O.O.2d 291], the court stated:

"At the outset of our discussion of Civil Rule 36, we note that the purpose of that rule, consistent with the purpose of the Civil Rules in general, is to simplify trial procedure and facilitate a speedy resolution of lawsuits. Specifically, Civil Rule 36 provides a mechanism by which potentially disputed issues may be expeditiously resolved before trial, thereby expediting proof of these issues at trial."

In this case, appellee's failure to respond to the admissions established a number of facts regarding this transaction. However, as this court has noted before:

"* * * In no sense does [Civil] Rule 36 supersede [Civil] Rule 56. The basic rules, to which we are already accustomed, determining when summary judgment lies, remain controlling. Civil Rule 56 specifies the kind and method of support required to support summary judgment. * * *" (*State Farm* v. *Valentine* [1971], 29 Ohio App. 2d 174, 182 [58 O.O.2d 238].)

The pleadings in this case indicate that there was an issue of fact in dispute regarding appellee's acceptance of the goods. Although appellant's admissions established the date that the goods were delivered to appellee, the admissions did not establish that appellee accepted the goods — which was the issue raised in appellee's pleadings. This court's decision in the prior appeal held that, when a material issue of fact is raised in the pleadings, summary judgment is inappropriate. Hence, there was no error by the trial court, on remand, in overruling appellant's motion to dismiss and in following the mandate of this court by conducting a hearing on the unresolved issue of fact.

Also within this assignment of error, appellant claims that the trial court erred as a matter of law in determining that appellee timely rejected the goods, or, in the alternative, timely revoked acceptance of the goods. R.C. 1302.64 provides that the buyer must have a reasonable opportunity to inspect the goods and R.C. 1302.66(B) provides that "[r]evocation of acceptance must occur within a reasonable time after

the buyer discovers or should have discovered the ground for it * * *." See, also, R.C. 1302.57. Appellant claims the trial court should have ruled as a matter of law that the sixty-five day period between delivery and notification of a defect constituted an unreasonable amount of time.

Although there may be some circumstances in which a court could conclude as a matter of law that the buyer failed to inspect within a reasonable time, it ordinarily presents a question of fact. 2 Anderson, Uniform Commercial Code (2 Ed. 1971), page 134, Section 2-513:14; see, also, Annotation 52 A.L.R. 2d 900, Sections 3 to 25.

In *La Villa Fair* v. *Lewis Carpet Mills, Inc.* (1976), 219 Kan. 395, 548 P. 2d 825, the Kansas Supreme Court held that whether or not a buyer's nine month delay in inspecting and accepting or rejecting carpet was warranted was a fact question. This case followed *Cervitor Kitchens, Inc.* v. *Chapman* (1973), 82 Wash. 2d 673, 513 P. 2d 25, 26, wherein the Washington Supreme Court held that a three month delay, in inspecting and accepting or rejecting the goods, was not acceptance as a matter of law, although acceptance had taken place by installation of the goods by appellant's decedent.

After reviewing the evidence in this case, we find that reasonable minds could draw different conclusions from the evidence and that the sixty-five day delay did present a question of fact — which the trial court found in appellee's favor. The record indicates that this was a seasonal business; that rotation of stock was normal; that there was no set time for an inspection; that inspection was customarily made upon use; and that the marble was not perishable or subject to severe market fluctuations. Hence, the trial court did not err in treating it as a question of fact as opposed to a question of law. Appellant's first assignment of error is overruled.

The second assignment of error is based on appellee's failure to follow appellant's instructions as required by R.C. 1302.62. The appellant had asked the appellee to reship the goods and appellant offered to pay all freight costs involved. R.C. 1302.62(C) states:

"In complying with this section, the buyer is held only to good faith and good faith conduct hereunder is neither acceptance nor conversion nor the basis of an action for damages."

In this case, the record indicates that appellee claimed that there would have been substantial cost in preparing the goods for a return shipment; that appellant demanded that the goods be shipped back without providing a final credit to appellee; and that appellee feared that the goods could have been damaged in transit thereby forcing buyer (appellee) to piecemeal any set-off due to non-conformity. However, it is the opinion of the court that the record does not reveal that appellee acted in bad faith in concluding that the instructions were unreasonable. This section was not enacted to make buyers liable for errors of judgment. 2 Anderson (2 Ed. 1971), Uniform Commercial Code, page 180, Section 2-603:6. Therefore, the second assignment of error is overruled.

The final assignment of error involves the trial court's award of $500 in incidental damages to appellee pursuant to R.C. 1302.89. The only testimony offered on these alleged damages was presented by Howard Schoenbaum, the appellee's secretary-treasurer. Schoenbaum testified that he did not sit down and calculate the damages, but that he made a "guesstimate" that the damages were between $1,000 and $1,500.

The testimony by Schoenbaum did not provide a reasonable basis for determining incidental damages. The witness admitted that he did not calculate the damages and that they were a guesstimate. The conclusions made by the witness were unsubstantiated and there

was no evidence supporting the award of $500. Hence, appellee is entitled only to nominal damages. We hereby modify the $500 award to $5. The third assignment of error is sustained in part.

The judgment is affirmed in part and modified in part to reduce the award for damages to $5; and this cause is remanded to the trial court for implementation and execution of this court's modified judgment.

*Judgment accordingly.*

NORRIS and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.