[Cite as *Dye v. J.J. Detweiler Ents., Inc.*, 2021-Ohio-1393.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES DYE, ET AL. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| J.J. DETWEILER ENTERPRISES, | : | |
| INC., ET AL. | : | Case No. 2020CA00101 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas Case Nos. 2018CV02475 &
                                2017CV01298


JUDGMENT:                       Reversed


DATE OF JUDGMENT:               April 21, 2021


APPEARANCES:

For Plaintiffs-Appellants                For Defendants-Appellees

JON A. TROYER                            JAMES J. COLLUM
5619 Tyro Street, NE                     4740 Belpar Street, NW
Canton, OH  44721                        Suite C
                                         Canton, OH  44718-3685

*Wise, Earle, J.*

{¶ 1}  Plaintiffs-Appellants, James Dye and Andralett Dye, appeal the June 17, 2020 judgment entry of the Court of Common Pleas of Stark County, Ohio, dismissing the complaint, as well as other judgment entries filed prior to the dismissal insofar as those judgment entries were incorporated in and made final and appealable as a result of the June 17, 2020 final entry.  Defendants-Appellees are Joseph J. Detweiler and J.J. Detweiler Enterprises, Inc.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  The dispute between the parties arose from monies due and owing by appellants on a cognovit note and past due rent for warehouse storage.  Complaints were filed in 2014 and 2015 and assigned to the Honorable John G. Haas.  The parties entered into a settlement agreement in December 2015 and the cases were dismissed.  Appellants were to auction off their property stored at the warehouse to pay the amount owed ($54,079.57).  After the first auction, a dispute arose over the settlement agreement.  Sometime thereafter, counsel and Judge Haas engaged in an off the record conversation, and oral modifications were made to the settlement agreement.

{¶ 3}  On July 27, 2016, appellants filed a complaint against appellees alleging breach of contract, conversion, and tortious interference, and sought punitive damages (Case No. 2016CV01730).  The case was originally assigned to Judge Haas, but was transferred to the Honorable Frank G. Forchione due to a conflict of interest.  On September 5, 2016, appellee Joseph J. Detweiler passed away.  The executor of his estate was substituted as a party.  On June 26, 2017, the parties jointly dismissed their claims.

{¶ 4}  On June 27, 2017, appellants refiled their complaint, adding a claim for theft (Case No. 2017CV01298).  On July 20, 2017, appellants filed an amended complaint to add a claim for civil conspiracy.  On February 9 and 26, 2018, appellants filed responses to motions with attached affidavits from their attorney, Jon Troyer, wherein he claimed during the conversation between counsel and Judge Haas, he relied on certain representations from appellees' then counsel to the detriment of his clients.  On March 9, 2018, appellees filed a motion to disqualify appellants' attorney as he may be called as a necessary witness at trial based upon statements he made in his affidavits.  The trial court held a hearing on April 26, 2018.  By judgment entry filed May 7, 2018, the trial court denied the motion to disqualify Attorney Troyer, but ordered appellants to obtain co-counsel for the trial in the event Attorney Troyer was called to testify.  On October 12, 2018, appellants filed a motion for reconsideration of the trial court's May 7, 2018 decision.  By judgment entries filed October 15, 2018, the trial court denied the motion, and again ordered appellants to obtain co-counsel for the scheduled trial date of October 16, 2018.  Apparently appellants secured co-counsel for trial, but said co-counsel backed out at the last minute.  Appellants were unable to obtain alternate co-counsel as ordered.  As a result, by judgment entry filed October 16, 2018, the trial court dismissed the complaint without prejudice.

{¶ 5}  On December 21, 2018, appellants refiled their 2017 amended complaint (Case No. 2018CV02475).  On March 31, 2020, appellants filed a motion to continue the April 7, 2020 trial date.  By judgment entry filed April 3, 2020, the trial court granted the motion, and once again ordered appellants to obtain co-counsel who "shall enter an appearance on the record and appear at all further pretrials, conferences, hearings and trial."  On April 22, 2020, appellees filed a motion to dismiss the complaint with prejudice

pursuant to Civ.R. 41(B)(1) for appellants' failure to secure co-counsel as ordered. By judgment entry filed May 19, 2020, the trial court ordered appellants to obtain co-counsel on or before June 1, 2020, or the motion would be granted and the complaint would be dismissed. On June 2, 2020, appellants filed a motion for reconsideration of the trial court's decisions filed April 3, and May 19, 2020. By judgment entry filed June 17, 2020, the trial court denied the motion and dismissed the complaint with prejudice.

{¶ 6} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 7} "THE TRIAL COURT ERRED BY DISMISSING THE COMPLAINT WITH PREJUDICE PURSUANT TO CIV. R. 41(B)(1) WHEN SUCH DISMISSAL WAS BASED ON NON-COMPLIANCE WITH A VOID COURT ORDER."

II

{¶ 8} "THE TRIAL COURT ERRED IN MAKING FINDINGS OF FACT IN ITS JUDGMENT ENTRIES WITHOUT EVIDENTIARY FOUNDATION AND IN MAKING FINDINGS OF FACT THAT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

III

{¶ 9} "THE TRIAL COURT ERRED IN RULING TO PERMIT THE INTRODUCTION AT TRIAL OF SELF-SERVING TESTIMONY OF A DECEASED DEFENDANT'S STATEMENTS ALLEGEDLY MADE TO HIS ATTORNEY WHILE AT THE SAME TIME RULING TO EXCLUDE OTHER EVIDENCE THAT CONTRADICTS THOSE STATEMENTS AND SUPPORTS PLAINTIFFS' CLAIMS."

I

{¶ 10} In their first assignment of error, appellants claim the trial court erred in dismissing the complaint with prejudice. We agree.

{¶ 11} The trial court dismissed the complaint pursuant to Civ.R. 41(B)(1) which states: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 12} The decision to dismiss a case pursuant to Civil Rule 41(B)(1) is within a trial court's sound discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 678 N.E.2d 530 (1997). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 13} "Although reviewing courts employ an ordinary abuse of discretion standard of review for dismissal with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." *S.C. v. Licking County Health Department*, 5th Dist. Licking No. 17-CA-16, 2017-Ohio-7821, ¶ 14, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997). " 'The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' " *Tokles & Son, Inc. v. Midwestern Indemnity Co.,* 65 Ohio St.3d 621, 605 N.E.2d 936 (1991), quoting *Schreiner v. Karson,* 52 Ohio App.2d 219, 223, 369 N.E.2d 800 (9th Dist.1977).

{¶ 14} The trial court dismissed the complaint with prejudice for appellant's failure to obtain co-counsel as ordered to do so on numerous occasions.

{¶ 15} A hearing on appellees' motion to disqualify Attorney Troyer was held in Case No. 2017CV01298 on April 26, 2018. At issue were four paragraphs of Attorney Troyer's affidavits. April 26, 2018 T. at 110-111. Attorney Troyer informed the trial court that he did not intend to testify as he had two witnesses who could testify to the statements he made in those paragraphs. *Id.* at 109. He stated, "[s]o we have ample other avenues to introduce this kind of, of testimony if need be, but it is entirely dependent upon their action from a defense perspective." *Id.* at 99-100. Attorney Troyer argued, "I am certainly not going to call myself as a witness in my own case. I cannot fathom a scenario where my testimony would be beneficial to the opposing party's case." *Id.* at 135. The trial court noted appellees "can call whoever they want to call as long as it's relevant and not prejudicial." *Id.* at 140.

{¶ 16} In its judgment entry filed May 7, 2018, the trial court denied appellees' motion to disqualify Attorney Troyer, but ordered appellants to obtain co-counsel for the trial in the event Attorney Troyer was called as a witness. As noted by the trial court, appellees had argued that Attorney Troyer "has made himself into a fact witness by attaching multiple attorney affidavits to the Plaintiffs' pleadings that attest to his personal knowledge, including but not limited to, the settlement agreement and removal of Plaintiff's property, both at issue in this matter." Appellees argued by interjecting himself into the case, Attorney Troyer cannot serve as both a witness and an advocate in the case. Therefore, he must be removed as counsel because he may be called as a witness. Appellants argued Attorney Troyer's affidavits "are not likely to be a contested issue of fact" at trial, and he was not a necessary witness as any information in his affidavits could be obtained through other means and witnesses. The trial court concluded that appellees "will be permitted to call Attorney Troyer as a witness if the

Court finds his testimony relevant and non-prejudicial," and ordered appellants to obtain co-counsel throughout the trial for in the event Attorney Troyer is called as a witness, "there will be representation who can handle any objections or arguments on his behalf during his testimony."

{¶ 17} In its May 19, 2020 judgment entry in Case No. 2018CV02475, the trial court reaffirmed its May 7, 2018 decision, finding the following:

> The Court has determined that co-counsel in this case is critical. If no co-counsel appears in this case, Plaintiffs are in a position at trial where their own lawyer will most likely be called as a witness by Defendants. There will be no one to argue to the Court regarding any improper questioning or object to the relevancy of any questions. More importantly, Attorney Troyer would be stuck with the answers that are elicited upon vigorous questioning by Defendant's counsel. Attorney Troyer would not have a lawyer there to reexamine him to further explain the context of any previous answers or to be rehabilitated on the stand. In reality, this could lead to a kangaroo court.

{¶ 18} As succinctly stated by the trial court in its June 17, 2020 judgment entry denying appellants' motion for reconsideration:

> This has been a difficult, combative and complex case that is heading into its fifth year. Certain rulings have already been reviewed by the Fifth District Court of Appeals. The facts are further muddied by

alleged conversations between counsel in front of another judge, both sides attempting to disqualify their opponent's attorneys, the death of one party, and affidavits filed by Plaintiffs' counsel which may require him to be called as a vital witness to the case. The Court has tried to issue rulings timely and fairly to guarantee each side a fair shake. The Court even held two mediation sessions in its courtroom in an attempt to resolve the matter to defray costs.

The Court is confounded by Plaintiffs' blatant refusal to follow the orders previously set forth. This Court has given Plaintiffs ample time to comply and even extended the time limitations to ensure due process. However, orders need to be followed. Defendants have cooperated even if at times they have not agreed with the Court's rulings. This system cannot operate effectively if one side can simply "thumb their nose" at the Court.

{¶ 19} We certainly understand the trial court's concerns and frustrations with this ongoing case, and find the trial court has gone to great lengths to accommodate the parties' requests and to explain its rulings. However, given the facts before this court, we find a dismissal with prejudice was not warranted and the trial court abused its discretion in so ordering.

{¶ 20} The trial court's decision to order co-counsel is premised on hypotheticals, *if* in fact Attorney Troyer is called to testify and *if* the trial court finds his testimony to be relevant and not prejudicial. At this point, any potential problems arising from Attorney Troyer's statements in his affidavits are purely speculative. Although the trial court's

strong pleas to settle the case appears to be falling on deaf ears, it is not out of the realm of possibility that the parties could settle the matter in the eleventh hour and the trial does not proceed. A dismissal with prejudice precludes this possibility. In its May 7, 2018 judgment entry denying appellees' motion to disqualify Attorney Troyer, the trial court acknowledged "that removing counsel from a case is an extreme, drastic measure which should not be imposed unless absolutely necessary." There is nothing more drastic than dismissing a complaint with prejudice, forever barring appellants' claims.

{¶ 21} Appellants failure to comply with the trial court's order and obtain additional counsel does not rise "to the level of extreme circumstances that would justify a dismissal with prejudice without first resorting to the imposition of lesser sanctions." *Sazima v. Chalko,* 86 Ohio St.3d 151, 159, 712 N.E.2d 729 (1999). In addition, any order requiring appellants to obtain co-counsel until an actual conflict arises is premature.

{¶ 22} Upon review, we find the trial court abused its discretion in granting appellees' motion to dismiss the complaint with prejudice pursuant to Civ.R. 41(B)(1).

{¶ 23} Assignment of Error I is granted.

II, III

{¶ 24} Given our ruling in Assignment of Error I, we find Assignment of Error II to be moot and Assignment of Error III to be premature.

{¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.

By Wise, Earle, J.

Gwin, P.J. and

Hoffman, J. concur.

EEW/db