[Cite as *Dye v. J.J. Detweiler Ents., Inc.*, 2022-Ohio-3250.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JAMES DYE, ET AL.

Plaintiffs-Appellants/Cross-Appellees

-vs-

J.J. DETWEILER ENTERPRISES, INC.,
ET AL.

Defendants-Appellees/Cross-Appellants

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2022 CA 00012

O P I N I O N

CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Case No. 2017 CV 02475

JUDGMENT: Affirmed in part; Reversed in part and Remanded

DATE OF JUDGMENT ENTRY: September 15, 2022

APPEARANCES:

For Plaintiffs-Appellants

JON A. TROYER
JON A. TROYER, ATTORNEY AT LAW
5619 Tyro Street, NE
Canton, Ohio 44721

For Defendants-Appellees

JAMES J. COLLUM
LAW OFFICE OF JAMES J. COLLUM, LLC
4618 Dressler Road, NW
Canton, Ohio 44718

*Wise, J.*

{¶1} Plaintiffs-Appellants, James Dye, Andralett Dye, and J.B.A. Estate Liquidators, LLC ("Appellants"), appeal from the December 22, 2021, Judgment Entry by the Stark County Court of Common Pleas. Defendants-Appellees are Jennifer L. Lile, Executor of the Estate of Joseph J. Detweiler and J.J. Detweiler Enterprises, Inc. ("Appellees"). The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} The dispute between Appellants and Appellees arose from monies owed by Appellants on a cognovit note and past due rent for warehouse storage. Complaints were filed in 2014 and 2015 and assigned to the Honorable John G. Haas. The parties entered into a settlement agreement in December 2015, and the cases were dismissed.

{¶3} According to the settlement agreement Appellants were to auction off their property stored at the warehouse ("disputed property") to pay the amount owed ($54,079.57) ("the Debt"). The auctions would be conducted by Kaufman Realty & Auctions, LLC ("Kaufman"). The unsold portion of the disputed property would remain at the warehouse until the amount owed was paid off. After the first auction only generated $3,127.20, a dispute arose over the settlement agreement. Appellant refused to let the auctioneer conduct any more live auctions. Sometime thereafter oral modifications were made to the settlement agreement.

{¶4} The verbal modification of the settlement agreement permitted Appellants to auction the property themselves. The modification also included that if the agreed amount was not paid in full to Appellees by June 30, 2016, Appellees would receive the property.

{¶5} On July 27, 2016, Appellants filed a complaint against Appellees alleging breach of contract, conversion, and tortious interference, and sought punitive damages. This case (No. 2016CV01730) was originally assigned to Judge Haas, but transferred to the Honorable Frank G. Forchione due to a conflict of interest.

{¶6} On September 5, 2016, Appellee Joseph Detweiler passed away, and the executor of his estate was substituted as a party.

{¶7} On June 26, 2017, the parties jointly dismissed their claims.

{¶8} On June 27, 2017, Appellants refiled their complaint, adding a claim for theft (Case No. 2017CV01298).

{¶9} On July 20, 2017, Appellants amended their complaint to add a claim for civil conspiracy.

{¶10} On February 9 and 26, 2018, Appellants filed responses to motions with attached affidavits from their attorney, Jon Troyer, wherein he claimed during the conversation between counsel and Judge Haas, he relied on certain representations from Appellees' then counsel to the detriment of his clients.

{¶11} On March 9, 2018, Appellees moved to disqualify Appellants' attorney as he may be called as a necessary witness based upon statements he made in his affidavits. On April, 26, 2018, the trial court held a hearing on the matter.

{¶12} On May 7, 2018, the trial court denied the motion to disqualify counsel, but ordered Appellants to obtain co-counsel for the trial in the event Appellants' attorney was called to testify.

{¶13} On October 12, 2018, Appellants moved for reconsideration of the trial court's May 7, 2018 decision.

**{¶14}** On October 15, 2018, the trial court denied the motion for reconsideration, again ordering Appellants to obtain co-counsel.

**{¶15}** Appellants' claim the co-counsel they hired backed out shortly before trial, and the trial court dismissed the case on October 16, 2018.

**{¶16}** On December 21, 2018, Appellants refiled their amended complaint (Case No. 2018CV02475).

**{¶17}** On December 11, 2019, Appellees filed a response and counterclaim.

**{¶18}** On March 31, 2020, Appellants moved to continue the April 7, 2020 trial date.

**{¶19}** On April 3, 2020, the trial court granted the motion and again ordered Appellants to obtain co-counsel.

**{¶20}** On April 22, 2020, Appellees moved to dismiss for Appellants' failure to obtain co-counsel.

**{¶21}** On May 19, 2020, the trial court ordered Appellants to obtain co-counsel by June 1, 2020.

**{¶22}** On June 2, 2020, Appellants moved for reconsideration of the trial court's order to obtain co-counsel.

**{¶23}** On June 8, 2020, Appellants filed their response to Appellees' counterclaim.

**{¶24}** On June 17 2020, the trial court denied Appellants' motion for reconsideration and dismissed the case with prejudice.

**{¶25}** Appellants appealed the dismissal of cases 2018CV02475 and 2017CV01298.

{¶26} In *Dye v. J.J. Detweiler Enterprises, Inc.*, 5th Dist. Stark No. 2020CA00101, 2021-Ohio-1393, this Court found the trial court abused its discretion by dismissing the case with prejudice. The matter was reversed and remanded to the trial court.

{¶27} On April 28, 2021, the trial court set the trial date for October 19, 2021.

{¶28} On October 7, 2021, Appellants submitted a Jury Demand.

{¶29} On October 12, 2021, Appellees filed a Motion to Strike Plaintiff's Jury Demand.

{¶30} On October 14, 2021, Appellants responded to the Motion to Strike.

{¶31} On October 15, 2021, the trial court denied Appellants' Jury Demand.

{¶32} On October 22, 2021, the trial commenced.

{¶33} On October 27, 2021, Appellants attempted to serve a subpoena on former Judge John Haas. Appellees filed a Motion in Limine to Exclude Judge John Haas's testimony. The trial court granted the Motion in Limine.

{¶34} Appellants called Robert Braybon to testify at trial. Mr. Braybon has some experience in estate purchases and antique sales. Appellants requested the trial court certify Mr. Braybon as an expert in estate purchases and antique sales. However, during his testimony, Mr. Braybon stated, "I'm not an expert[.]"

{¶35} Next, Scott Zurakowski testified that the parties had modified the settlement agreement allowing Appellants to conduct auctions of the disputed property instead of Kaufmans. The modification also included the term that if the disputed property was not sold by June 30, 2016, Appellees would take ownership of the disputed property.

{¶36} On December 22, 2021, the trial court issued its final Judgment Entry. In that entry, the trial court found the parties entered into an oral modification of a settlement

agreement. The modification allowed Appellants to auction off the property themselves; however, if the amount owed was not paid off by June 30, 2016, the Appellees would take ownership of the property as settlement of the Debt. The trial court also found to the extent the value of the seized disputed property was in excess of the Debt, Appellees converted that property. In the calculation of damages, the trial court instituted its own methodology for the calculation of damages awarding $92,293 to Appellants.

## ASSIGNMENTS OF ERROR

{¶37} Appellants filed a timely notice of appeal and herein raise the following seven Assignments of Error:

{¶38} "I. THE TRIAL COURT ERRED BY REFUSING TO ALLOW PLAINTIFFS TO CALL A WITNESS OF THEIR CHOOSING AND BY ITS OWN CONDUCT RELATED THERETO.

{¶39} "II. THE TRIAL COURT ERRED IN NOT ALLOWING PLAINTIFFS A TRIAL BY JURY.

{¶40} "III. THE TRIAL COURT ERRED IN FINDING THE PARTIES ORALLY MODIFIED THE WRITTEN SETTLEMENT AGREEMENT TO ALLOW DEFENDANTS TO TAKE ALL OF PLAINTIFFS' PROPERTY.

{¶41} "IV. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFFS BREACHED THE SETTLEMENT AGREEMENT.

{¶42} "V. THE TRIAL COURT ERRED IN HOW IT CALCULATED PLAINTIFFS' DAMAGES.

{¶43} "VI. THE TRIAL COURT ERRED IN ALLOWING THE INTRODUCTION AT TRIAL OF A SELF-SERVING STATEMENT OF A DECEASED DEFENDANT MADE

AFTER THE FACT TO HIS ATTORNEY WHILE AT THE SAME TIME EXCLUDING OTHER EVIDENCE THAT CONTRADICTS THAT STATEMENT AND SUPPORTS PLAINTIFFS' CLAIM INSTEAD.

**{¶44}** VII. THE TRIAL COURT ERRED IN FINDING PLAINTIFFS' EXPERT TO NOT BE AN EXPERT AND BY THE COURT'S OWN CONDUCT RELATED THERETO."

**{¶45}** Appellees herein raise the following two Cross-Assignments of Error:

**{¶46}** "I. THE TRIAL COURT ERRED IN FINDING APPELLEES CONVERTED THE PROPERTY IN EXCESS OF THE AGREED AMOUNT.

**{¶47}** II. THE TRIAL COURT ERRED IN FINDING DAMAGES COULD BE ESTABLISHED WITH A REASONABLE DEGREE OF CERTAINTY."

**{¶48}** In an effort to extrapolate some organization from the convolution of issues, we address the assignments of error and the cross-assignments of error out of order.

### Assignment of Error II

**{¶49}** In Appellants' second Assignment of Error, Appellants argue the trial court erred by denying Appellants' Jury Demand. We disagree.

**{¶50}** "The right to a trial by jury shall be inviolate[.]" Section 5, Article I, Ohio Constitution. However, this constitutional guarantee still permits the legislature or courts to set the procedure by which the right to a jury trial is obtained and to declare that failing to conform to such procedure constitutes waiver. *See Cincinnati v. Bossert Mach. Co.* (1968), 16 Ohio St.2d 76, 79, 243 N.E.2d 105; *Cassidy v. Glossip* (1967), 12 Ohio St.2d 17, 19, 231 N.E.2d 64.

**{¶51}** In order to invoke the right to a jury trial, a party must take affirmative action. *Soler v. Evans, St. Clair & Kelsey* (2002), 94 Ohio St.3d 432, 437, 763 N.E.2d 1169. "Any

party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefore at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue." Civ.R. 38(B). Failure to timely serve and file a demand for a jury trial constitutes a waiver of the right to a trial by jury. Civ.R. 38(D).

{¶52} Civ.R. 7(A) defines "pleadings" as: "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

{¶53} In the case *sub judice*, Appellants filed their complaint on December 21, 2018. Appellees filed a response and counterclaim on December 11, 2019. On June 8, 2020, Appellants filed their response to Appellees' counterclaim. On October 7, 2021, Appellants filed a jury demand, outside of the fourteen-day window set forth in Civ.R. 38(D).

{¶54} Appellants claim that in Case No. 2017CV01298 they filed the jury demand promptly. Case No. 2017CV01298 was dismissed and refiled under Case No. 2018CV02475. Case No. 2018CV02475 was then dismissed with prejudice. Appellants filed an appeal on both Case Nos. 2017CV01298 and 2018CV02475. This Court in *Dye v. J.J. Detweiler Enterprises, Inc.*, 5th Dist. Stark No. 2020CA00101, 2021-Ohio-1393, reversed and remanded the matter. In the opinion, this Court held that the trial court

"abused its discretion in granting appellees' motion to dismiss the complaint with prejudice[.]" *Id.*

**{¶55}** Appellants argue that because they put both case numbers on the appeal, a Jury Demand properly filed in Case No. 2017CV01298 should carry over to the case *sub judice*. However, Appellants cite no statute, case law, rules of civil procedure, or learned treatise from this or any other jurisdiction to support their argument. Appellants also fail to provide the record to Case No. 2017CV01298 to this Court to review factual claims.

**{¶56}** A refiled case represents a new controversy before the court. *Williams v. Thamann*, 1st Dist. No. C-060632 & C-060633, 173 Ohio App.3d 426, 2007-Ohio-4320, 878 N.E.2d 1070, ¶10. The original case is no longer before the trial court. Appellants did not precede in any way on Case No. 2017CV01298, and did not appeal Case No. 2017CV01298 in the current appeal. Therefore, as Appellants started a new case and failed to precede with on Case No. 2017CV01298, the trial court did not err when it denied Appellants request for a Jury Demand.

**{¶57}** Accordingly, Appellants' second Assignment of Error is overruled.

**Assignment of Error I**

**{¶58}** In Appellants' first Assignment of Error, Appellant argues the trial court erred by excluding the testimony of Judge Haas. We disagree.

**{¶59}** "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's

admission or exclusion of evidence to whether the trial court abused its discretion. *Id*. The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶60}  Ohio Evid.R. 103(A)(2) states: "In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

{¶61}  "It is basic to appellate practice that error in the form of excluded testimony is not reviewable unless there has been a proffer of the excluded testimony or the content of the testimony is apparent from the circumstances. *Franks v. Rogers*, 5th Dist. Licking No. 2009CA00130, 2010-Ohio-3586, ¶15, citing Evid.R. 103. If a proffer is not made, a reviewing court cannot determine whether a party suffers undue prejudice from any alleged error. *Id*. If the party is unable to proffer the substance of the excluded evidence, the error is deemed waived. *Campbell v. Johnson*, 87 Ohio App.3d 543, 551, 622 N.E.2d 717 (1993).

{¶62}  The record does not show that Appellants deposed Judge Haas or proffered his testimony to the trial court. In fact, during the trial, the trial court inquired of Appellants: "[s]o you don't even know what Judge Haas is going to say; that is my understanding?" Day 2 trial trasc., pg. 16 lines 1-6. Appellants' counsel responded, "[t]hat is correct[.]" *Id*.

{¶63}  As Appellants failed to proffer the substance of Judge Haas's evidence and it is not apparent to the trial court, this issue is deemed waived. As such the trial court did not abuse its discretion in excluding Judge Haas's testimony.

{¶64}  Accordingly, Appellant's First Assignment of Error is overruled.

**Assignment of Error VI**

**{¶65}** In Appellants' sixth Assignment of Error, Appellants argue the trial court erred in failing to admit a deceased Appellee's statements and Appellants' police report. We disagree.

**{¶66}** Again, "a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶67}** Appellants summarily argue the trial court erred by failing to admit into evidence a police report and statements made by Appellee Detweiler referencing the judge's ruling or motions in the record.

**{¶68}** Appellants have the burden of demonstrating an error on appeal. *See*, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Untied*, 5th Dist. Muskingum No. CT2006-0005, 2007-Ohio-1804, ¶141, quoting *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 WL 61619 (Feb.9, 1999). *See*, *also*, App.R. 16(A)(7).

**{¶69}** Admissibility of evidence may be challenged on several bases, but we are not at liberty to make Appellants' arguments for them. "If an argument exists that can

support [an] assignment of error, it is not this court's duty to root it out." *State v. Romy*, 5th Dist. Stark No. 2020 CA 00066, 2021-Ohio-501, 168 N.E.3d 86, ¶35, citing *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶14. Therefore, we may disregard assignments of error Appellants presented for review since they failed to identify in the record the error on which the assignment of error is based. App.R. 12(A)(2).

{¶70} Appellants have not supported their general argument with citations to the record. Furthermore, Appellants' brief does not even disclose the statements, describe the substance of the statements, the contents of the police report, or where in the record the trial court denies the admission. Consequently, we find that Appellants have not presented an argument, but rely only upon the assertion of error, and we thus disregard this assignment of error.

{¶71} Accordingly, Appellants' sixth Assignment of Error is overruled.

### Assignment of Error VII

{¶72} In Appellants' seventh Assignment of Error, Appellants argue the trial court erred in finding Robert Braybon's testimony to be that of a layman and not an expert. We disagree.

{¶73} Again, "a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). Ordinarily, "any decision concerning the admission or exclusion of expert testimony will not be disturbed absent an abuse of discretion." *State v. Burks*, 3d Dist. Shelby No. 17-10-27, 2011-Ohio-3529, ¶22. The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial

court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶74} Evid.R. 702 governs the admissibility of expert testimony. It provides:

A witness may testify as an expert if all of the following apply:

(A)    The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

(B)    The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

(C)    The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *

{¶75} Evid.R. 702(B) addresses the qualifications necessary to accord a witness "expert" status. Under the rule, a witness may qualify as an expert if the witness contains specialized knowledge, experience, skill, training, or education in to help determine a fact at issue.  Evid.R. 702. However, this does not require the witness to have a college degree in order to be qualified as an expert. *State v. Mack* (1995), 73 Ohio St.3d 502, 511, 653 N.E.2d 329; citing *State v. Beuke* (1988), 38 Ohio St.3d 29, 43, 526 N.E.2d 274.

{¶76} Appellants called Robert Braybon to testify to the value of items converted by Appellees. Robert Braybon, a machinist by trade, testified that he has purchased and sold estate goods in the past, but he has never taken any classes or seminars on estate valuation, has never testified as an expert before, and stated on the record "I'm not an

expert[.]" Furthermore, the witness only looked at a sample of ten banana boxes out of an alleged 9,000 banana boxes to calculate an estimated value for the total seized disputed property. No evidence was in the record as to the uniformity of the disputed property in the seized banana boxes.

**{¶77}** Accordingly, Appellants' seventh Assignment of Error is overruled.

### Assignments of Error III and IV

**{¶78}** In Appellants' third and fourth Assignments of Error, Appellants argue the trial court erred when it determined Appellants and Appellees orally modified the written settlement agreement, and that Appellants breached the modified Settlement Agreement. We disagree.

**{¶79}** "A contract can be modified when there is clear and convincing evidence of the parties' mutual intent to modify the contract through their course of dealing." *Third Fed. S. & L. Assn. of Cleveland v. Formanik*, 8th Dist. Cuyahoga Nos. 100562 & 100810, 2014-Ohio-3234, ¶13, citing *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 2012-Ohio-1942, 971 N.E.2d 967, ¶¶24-25 (8th Dist.); *see also Rotosolutions, Inc. v. Crane Plastics Siding, L.L.C.*, 10th Dist. Franklin Nos. 13AP-52, 2013-Ohio-4343, ¶19. "[E]ven contracts that are required by the statute of frauds to be in writing can be modified orally 'when the parties to the written agreement act upon the terms of the oral agreement.' " *Formanik* at ¶13, quoting *200 W. Apts. v. Foreman*, 8th Dist. Cuyahoga No. 66107, 1994 WL 505271 (Sept. 15, 1994); *see also 3637 Green Rd. Co. v. Specialized Component Sales Co.*, 8th Dist. Cuyahoga No. 103599, 2016-Ohio-5324, 69 N.E.3d 1083, ¶¶21-25, 30-35.

**{¶80}** "[S]ubsequent acts and agreements may modify the terms of a contract, and unless otherwise specified, neither consideration nor a writing is necessary. Oral agreements to modify a prior written agreement are binding if based upon new and separate legal consideration or, even if gratuitous, are so acted upon by the parties that a refusal to enforce the oral modifications would result in fraud to the promissee." *Corsaro v. ARC Westlake Village, Inc.*, 8th Dist. Cuyahoga No. 84858, 2005-Ohio-1982, ¶16.

**{¶81}** In the case *sub judice*, the trial court found that the parties orally modified the Settlement Agreement. The new terms of the contract allowed Appellants to conduct auctions; the proceeds of which would pay off the Debt. Appellants had until June 30, 2016, to sell enough merchandise to pay off the Debt, or Appellees would own enough of the disputed property to satisfy the Debt. These terms were testified to by Scott Zurakowski. To corroborate Zurakowski's testimony, Appellants conducted online auctions of the disputed properties. In accordance with the modified Settlement Agreement and after the passage of the June 30, 2016 deadline, Appellees moved the disputed property from the warehouse to a different location claiming ownership. While James Dye testified to a modification of the Settlement Agreement, he disagreed that such agreement included the term that if the Debt had not been satisfied as of June 30, 2016, Appellees could claim ownership over the disputed property. The trial court found Scott Zurakowski's testimony that the modified Settlement Agreement included the June 30, 2016 deadline to be credible. As such the trial court's decision that the Settlement Agreement was orally modified by Appellants and Appellees and that Appellants breached the Settlement Agreement by not selling enough of the disputed property to pay off the Debt is supported by competent, credible evidence.

**{¶82}** Accordingly, Appellants' third and fourth Assignments of Error is overruled.

### Cross-Assignment of Error I

**{¶83}** In Appellees' First Cross-Assignment of Error, Appellees argue the trial court erred when it found that Appellees seizure of the disputed property was to satisfy the Debt. We disagree.

**{¶84}** Again, "[a] contract can be modified when there is clear and convincing evidence of the parties' mutual intent to modify the contract through their course of dealing." *Third Fed. S. & L. Assn. of Cleveland v. Formanik*, 8th Dist. Cuyahoga Nos. 100562 & 100810, 2014-Ohio-3234, 2014 WL 3700514, ¶13, citing *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 2012-Ohio-1942, 971 N.E.2d 967, ¶¶24-25 (8th Dist.); *see also Rotosolutions, Inc. v. Crane Plastics Siding, L.L.C.*, 10th Dist. Franklin Nos. 13AP-52, 2013-Ohio-4343, 2013 WL 5451702, ¶19. "[E]ven contracts that are required by the statute of frauds to be in writing can be modified orally 'when the parties to the written agreement act upon the terms of the oral agreement.' " *Formanik* at ¶13, quoting *200 W. Apts. v. Foreman*, 8th Dist. Cuyahoga No. 66107, 1994 WL 505271 (Sept. 15, 1994); *see also 3637 Green Rd. Co. v. Specialized Component Sales Co.*, 2016-Ohio-5324, 69 N.E.3d 1083, ¶¶21-25, 30-35 (8th Dist.).

**{¶85}** "[S]ubsequent acts and agreements may modify the terms of a contract, and unless otherwise specified, neither consideration nor a writing is necessary. Oral agreements to modify a prior written agreement are binding if based upon new and separate legal consideration or, even if gratuitous, are so acted upon by the parties that a refusal to enforce the oral modifications would result in fraud to the promissee." *Corsaro*

*v. ARC Westlake Village, Inc.*, 8th Dist. Cuyahoga No. 84858, 2005-Ohio-1982, 2005 WL 984502, ¶16.

**{¶86}** In the case *sub judice*, the trial court found the modified Settlement allowed Appellees to seize the disputed property to satisfy the Debt. Scott Zurakowski testified that the oral modification of the contract provided Appellants could auction the items themselves, but if the Debt was not paid by June 30, 2016, then the disputed property would become Appellees. The trial court found Scott Zurakowski's testimony regarding the transfer in ownership of the disputed property to be circumstantial evidence that it satisfies the Debt. As such the trial court's decision that the oral modification of the settlement agreement allowed Appellees to obtain the disputed property to satisfy the Debt is supported by competent credible evidence.

**{¶87}** Accordingly, Appellees first Cross-Assignment of Error is overruled.

### Cross-Assignment of Error II

**{¶88}** In Appellees' second Cross-Assignment of Error, Appellees argue the trial court erred in finding damages could be established with reasonable certainty. We agree.

**{¶89}** In *Kavalec v. Ohio Express, Inc.*, 8th Dist. Cuyahoga No. 103410, 2016-Ohio-5925, 71 N.E.3d 660, ¶37, the Eighth District Court of Appeals stated:

> Damages cannot be based on a mere "guestimate." *Buckeye Trophy, Inc. v. S. Bowling & Billiard Supply Co.*, 3 Ohio App.3d 32, 443 N.E.2d 1043 (10th Dist.1982); *Bevens v. Wooten Landscaping, Inc.*, 4th Dist. Pike No.11CA819, 2012-Ohio-5137, 2012 WL 5391961, ¶17. Damages need not be calculated with mathematical certainty, but cannot be based on mere speculation and conjecture. *Marzullo v. J.D. Pavement*

*Maintenance*, 2011-Ohio-6261, 975 N.E.2d 1, ¶40. Instead, a plaintiff must show its entitlement to damages in an amount ascertainable with reasonable certainty. *Id.*, citing *Barker v. Sundberg*, 11th Dist. Ashtabula No. 92-A-1756, 1993 WL 489236 (Oct. 25,1993); *Glenwood Homes v. State Auto Mut. Ins. Co.*, 8th Dist. Cuyahoga No. 72856 1998 WL 685493 (Oct. 1, 1998) (speculative damages are not recoverable).

**{¶90}** In *Kavalec*, Appellees could not produce receipts for the items converted, as some items were bought thirty to forty years ago, and Appellees guessed at values based upon similar items listed on craigslist and eBay. However, no corroborating evidence of online research was submitted. The Eighth District held that the evidence offered did not satisfy the standard.

**{¶91}** In the case *sub judice*, neither Appellants nor Appellees could produce a list specifying the property converted. Both submitted estimates of amount of "banana boxes" and other items. The evidence presented at trial was based upon an examination of a sample of ten "banana boxes" out of an estimated 9,000 total banana boxes. This sample was taken only from the unseized property. No items or values were presented from any unexamined "banana box". No evidence was presented to corroborate the amount of "banana boxes." No evidence was presented to show that the contents of all "banana boxes" were similar enough that a representative sample could be used to arrive at a reasonable estimated value.

**{¶92}** Appellants argue they could not supply business records because those were also seized by Appellees. However, Appellants have not shown where they

requested these documents in discovery or an accounting of the disputed property from Appellees.

{¶93} Evidence and testimony failed to present the age, condition, amount, or description of the disputed property obtained by Appellees. The lack of any meaningful description of the property seized and valuation based upon the age and condition of the property seized prevents damages from being ascertained with reasonable certainty. The damages Appellants suffered by Appellees conversion of the disputed property amount to nothing more than conjecture as they lack specificity in description, condition, age, and amount. Appellants failed to offer proof of their damages with reasonable certainty. As such, we find competent, credible evidence as to the value of damages incurred from the conversion of the disputed property to be absent from the record.

{¶94} Accordingly, Appellees' second Cross-Assignment of Error is well taken.

## Assignment of Error V

{¶95} Based upon our disposition of Appellees' second Cross-Assignment of Error, we will refrain from addressing Appellant's fifth Assignment of Error.

{¶96} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part. The matter is remanded to the Stark County Court of Common Pleas for further proceedings consistent with this opinion.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/br 0831