[Cite as *Neal v. Stuff*, 2026-Ohio-1246.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MOURICE NEAL,<br><br>    Petitioner - Appellant<br><br>-vs-<br><br>ANGELA STUFF, Warden<br><br>    Respondent - Appellee | Case No. 2025 CA 0103<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Richland County Court of Common Pleas, Case No. 2025 CV 0526 R<br><br>Judgment:  Affirmed<br><br>Date of Judgment Entry: April 6, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; Kevin W. Popham, Judges

**APPEARANCES:** MOURICE NEAL, #A803-845, Pro Se, for Plaintiff-Appellant; DAVE YOST, Attorney General of Ohio, LISA A. BROWNING, Senior Assistant Attorney General, for Defendant-Appellee.

*Baldwin, J.*

**{¶1}** The appellant, Mourice Neal, an inmate at the Richland Correctional Institution, appeals the November 4, 2025, judgment of the Richland County Court of Common Pleas granting the motion to dismiss filed by the appellee, Angela Stuff, Warden of the Richland Correctional Institution. We affirm the trial court.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}** On June 17, 2022, the appellant was indicted on one count of Duty to Register in violation of R.C. 2950.04(A)(4)(a) in the Sandusky County Court of Common Pleas.

**{¶3}** A jury found the appellant guilty, and he was sentenced to prison on September 22, 2023.

{¶4} The appellant filed a direct appeal to the Sixth District Court of Appeals challenging the appellant's waiver of counsel and the manifest weight and sufficiency of the evidence. On January 31, 2025, the Sixth District Court of Appeals affirmed the trial court's judgment.

{¶5} On August 19, 2025, the appellant filed a motion seeking a writ of habeas corpus pursuant to R.C. 2725.01.

{¶6} On September 12, 2025, the appellee filed a motion to dismiss.

{¶7} On October 3, 2025, the appellant filed a response to the appellee's motion to dismiss.

{¶8} On November 4, 2025, the trial court granted the appellee's motion to dismiss.

{¶9} The appellant filed a timely notice of appeal and herein raised the following four assignments of error:

{¶10} "I. WHETHER APPELLEE (sic) CONVICTION FOR DUTY TO REGISTER, AN ALLEGED VIOLATION OF R.C. 2950.04(A)(4)(a) AND 2950.99(A)(4)(a)(ii), WAS AGAINST THE WEIGHT OF THE EVIDENCE, WHICH THE STATE FAILED TO PROVE, BEYOND A REASONABLE DOUBT, THAT APPELLEE (sic) CONVICTION FROM MICHIGAN WAS FOR AN OFFENSE WHICH WAS THE EQUIVALENT OF A TIER III OFFENSE IN OHIO, THUS SUBJECTING APPELLEE (sic) TO A LIFETIME REGISTRATION REQUIREMENT R.C. 2950.04(A)(1)(a)."

{¶11} "II. APPELLEE (sic) CONVICTION WENT AGAINST OHIO COURT RULE OF CRIMINAL PROCEDURE 7(A), WHICH THE INDICTMENT WAS FILED AFTER 14 DAYS. AND WITH CRIMINAL RULE 4(2)(f)(a) WHICH WAS NOT DONE WITHIN 48HOURS (sic) AFTER THE ARREST."

{¶12} "III. OHIO STATE CONSTITUTION ARTICLE I, SECTION 14 RIGHTS WAS VIOLATED WHEN NO WARRANT ISSUED."

{¶13} "IV. UNITED STATES CONSTITUTION AMENDMENT 4 AND 14"

{¶14} Initially, we note that the appellant has the burden of demonstrating error on appeal. *See*, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Untied*, 2007-Ohio-1804, ¶141 (5th Dist.). "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *State v. Romy*, 2021-Ohio-501, ¶35 (5th Dist.), citing *Thomas v. Harmon*, 2009-Ohio-3299, ¶14.

{¶15} The appellant has not supported his general argument with citations to the record, nor has he shown that the facts he argues are even present in the record. Accordingly, the appellant's brief does not comply with App.R. 16(A)(7), which provides:

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶16} "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 2009-Ohio-1211, ¶16 (9th Dist.), quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist. 1996). Therefore, we may disregard assignments of error the appellant presents for review because he failed

to identify in the record the error on which the assignment of error is based. *Dye v. J.J. Detweiler Enters.*, 2022-Ohio-3250, ¶69 (5th Dist.); App.R. 12(A)(2). As the appellant has failed to identify in the record facts to support his argument and apply the applicable legal authority to those facts we disregard all four of the appellant's assignments of error.

{¶17} Accordingly, the appellant's first, second, third, and fourth assignments of error are overruled.

## CONCLUSION

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

{¶19} Costs to the appellant.

By: Baldwin, J.

King, P.J. and

Popham, J. concur.